[Cite as *In re T.A.R.*, 2022-Ohio-1851.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: T.A.R. | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| | : | |
| | : | |
| | : | Case No. 21-CA-000033 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Juvenile Division, Case No. 20-JC-00247

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      June 2, 2022

APPEARANCES:

For Appellant-Father

ANDREW E. RUSS
P.O. Box 520
Pickerington, OH 43147

MARK A PERLAKY
120 North Broadway Street
Cambridge, OH 43725

For Mother

JOSHUA W. PAMMER
17 North 8th Street
Cambridge, OH 43725

For Appellee-Agency

MELISSA M. WILSON
274 Highland Avenue
Cambridge, OH 43725

Guardian ad Litem

CHERYL GADD
801 Wheeling Avenue, #D101
Cambridge, OH 43725

*Wise, Earle, P.J.*

{¶ 1}   Appellant-father, E.G., appeals the December 16, 2021 journal entry of the Court of Common Pleas of Guernsey County, Ohio, Juvenile Division, terminating his parental rights and granting permanent custody of his child to appellee, Guernsey County Children Services.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On September 21, 2020, appellee filed a complaint alleging a child to be dependent: T.A.R. born in September 2020.  Father is E.G., appellant herein, determined on April 13, 2021; mother is T.R.  Appellee sought emergency temporary custody of the child which was granted effective September 19, 2020.

{¶ 3}   Adjudicatory and dispositional hearings were held on December 14, 2020. The trial court adjudicated the child dependent.  By journal entry filed January 11, 2021, the trial court continued appellee's temporary custody of the child.

{¶ 4}   On June 22, 2021, appellee filed a motion for permanent custody of the child.  It was alleged that father was incarcerated and mother had substance abuse issues and was noncompliant with the case plan.  A hearing was held on December 6, 2021.  By journal entry filed December 16 2021, the trial court terminated the parents' parental rights and granted appellee permanent custody of the child.

{¶ 5}   Appellant-father filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 6}   "THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE CHILD IS SERVED BY GRANTING PERMANENT CUSTODY TO THE

GUERNSEY COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

II

{¶ 7} "THE TRIAL COURT ERRED IN ALLOWING THE MOTION FOR PERMANENT CUSTODY TO PROCEED OR GRANTING THE MOTION DUE TO A LACK OF REASONABLE EFFORTS."

III

{¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION BY NOT PROPERLY CONSIDERING THE BEST INTERESTS OF THE CHILD."

I, II, III

{¶ 9} In his three assignments of error, appellant claims the trial court abused its discretion in finding the best interest of the child would be best served by granting permanent custody of the child to appellee against the manifest weight and sufficiency of the evidence. Appellant further claims a lack of reasonable efforts. We disagree with appellant's arguments.

{¶ 10} Sufficiency of the evidence "is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict [decision] is a question of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶ 11} On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction

[decision] must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). In *Thompkins, supra*, at 387, quoting Black's Law Dictionary 1594 (6th Ed.1990), the Supreme Court of Ohio explained the following:

> Weight of the evidence concerns "the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief*." (Emphasis sic.)

{¶ 12} In weighing the evidence however, we are always mindful of the presumption in favor of the trial court's factual findings. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517.

{¶ 13} R.C. 2151.414(B)(1) states permanent custody may be granted if the trial court determines, by clear and convincing evidence, that it is in the best interest of the child and:

> (a) The child is not abandoned or orphaned * * * and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

(b) The child is abandoned.

(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period * * *.

(e) The child or another child in the custody of the parent or parents from whose custody the child has been removed has been adjudicated an abused, neglected, or dependent child on three separate occasions by any court in this state or another state.

{¶ 14} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. *See In re Adoption of Holcomb,* 18 Ohio St.3d 361, 481 N.E.2d 613 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross* at 477.

{¶ 15} R.C. 2151.414(E) sets out the factors relevant to determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Said section states in pertinent part to appellant the following:

(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

(12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing.

(16) Any other factor the court considers relevant.

{¶ 16} R.C. 2151.414(D)(1) sets forth the factors a trial court shall consider in determining the best interest of a child:

(D)(1) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services

agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period * * *;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶ 17} During the hearing, the trial court heard from the ongoing caseworker, appellant's girlfriend, and the guardian ad litem. Appellant appeared by audio and video from Chillicothe Correctional Institution and did not testify.

{¶ 18} The caseworker testified the child was born addicted to drugs. T. at 18. Mother was noncompliant with the case plan and appellant was never placed on the case plan because he was incarcerated. T. at 21-25. Appellant is expected to be released in March 2023. T. at 26. Appellant has not had any contact with the child. *Id.*

{¶ 19} Appellant's girlfriend met him online. T. at 49. She has a child with appellant and lives in West Virginia. T. at 41, 44. She was interested in kinship placement, but had limited contact with the agency. T. at 45-46. She was unaware that appellant had been charged with domestic violence in February 2021. T. at 51. The child does not have any relationship with the girlfriend. T. at 30. The agency was concerned about the girlfriend having a relationship with appellant given his felonies. *Id.*

{¶ 20} The guardian ad litem had a "huge concern" with the girlfriend's relationship with appellant. T. at 57. The guardian had concerns with her judgment given appellant's criminal history. *Id.*

{¶ 21} In its December 16, 2021 journal entry, the trial court found "[n]either parent has been able to care for the child and there were no kinship placements available or appropriate for the minor child." The trial court found mother has not attempted any of the requirements of the case plan and appellant "has been incarcerated and will be incarcerated until March 8, 2023." Appellant has never visited or communicated with the child. The trial court questioned appellant's girlfriend's judgment as it relates to relationships given the facts presented. She has never met the child. The trial court's findings are amply supported in the record.

{¶ 22} As for best interest, the trial court found the child was in need of a legally secure placement which can only be obtained through a grant of permanent custody to appellee. The child remains in the same foster home since birth and "is thriving in this environment." The child has developed a bond with the foster parents and has done very well in their home. T. at 27.

{¶ 23} The guardian ad litem recommended granting permanent custody of the child to appellee because the child "has had no parental interest throughout the life of this case" and "deserves permanency." T. at 56. The guardian agreed permanent custody to appellee was in the child's best interest. *Id.*

{¶ 24} Upon review, we find sufficient clear and convincing evidence to support the trial court's decision to terminate appellant's parental rights and grant appellee permanent custody of the child, and do not find any manifest miscarriage of justice.

{¶ 25} Assignments of Error I, II, and III are denied.

{¶ 26} The judgment of the Court of Common Pleas of Guernsey County, Ohio, Juvenile Division, is affirmed.

By Wise, Earle, P.J.

Gwin, J. and

Hoffman, J. concur.

EEW/db